JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| KATHERINE SACCIO,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>TARGET CORPORATION, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: SACV 10-01872-CJC(MLGx)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE AND IMPOSING ADDITIONAL MONETARY SANCTIONS AGAINST PLAINTIFF** |

**I. INTRODUCTION AND BACKGROUND**

Defendant Target Stores, a division of Target Corporation erroneously sued and served as Target Corporation ("Target" or "Defendant"), moves to dismiss Plaintiff Katherine Saccio's Complaint in its entirety with prejudice, pursuant to Federal Rule of Civil Procedure 37(b)(2) and 41(b), as a result of (1) Ms. Saccio's failure to appear in her

Court-Ordered deposition on December 1, 2011 and (2) Ms. Saccio's failure to pay the Court-Ordered monetary sanctions of $838.50 on or before December 2, 2011. (Dkt. No. 22.) Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Target further requests an order of additional monetary sanctions in the amount of $991.50 against Ms. Saccio personally for expenses incurred in bringing the instant motion. Ms. Saccio's counsel, Timothy J. Ryan of Timothy J. Ryan & Associates, who states that he has been unable to reach Ms. Saccio for over 90 days, filed a non-opposition to Target's motion on December 19, 2011. (Dkt. No. 24.) For the reasons provided below, the Court GRANTS Target's motion to dismiss the action with prejudice and request for additional monetary sanctions in the amount of $991.50 against Ms. Saccio personally.[1]

Ms. Saccio initially filed this action on November 4, 2010 in Orange County Superior Court against Target for damages resulting from a purported slip and fall accident at a Target store located on 6835 Katella Avenue in Cypress, California. (Dkt. No. 1, Exh. B [Complaint].) Target subsequently removed the action based on diversity subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b). (Dkt. No. 1.) Target answered the Complaint on December 13, 2010. (Dkt. No. 3.) Target noticed Ms. Saccio deposition for October 7, 2011, but neither Ms. Saccio nor her counsel appeared for the deposition. (Wydeven Decl. ¶¶ 6–7.) On November 11, 2011, Target filed a motion to compel the deposition of Ms. Saccio, (*id.* ¶ 8), which Magistrate Judge Marc L. Goldman granted on November 16, 2011. (Ct. Order, Dkt. No. 16, Nov. 16, 2011.) Specifically, Judge Goldman ordered: (1) that Ms. Saccio appear for a deposition on or before December 2, 2011, and that failure to comply with the order would result in sanctions, including dismissal of the action with prejudice under Federal Rule of Civil Procedure 37(b)(2) and 41(b), and (2) that Ms. Saccio pay sanctions in the amount of

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 9, 2012 at 1:30 p.m. is hereby vacated and off calendar.

$838.50 to Target no later than December 2, 2011, pursuant to Federal Rule of Civil Procedure 37(d)(3). (*Id.*) On November 17, 2011, Target noticed the Court-Ordered deposition of Ms. Saccio, the award of sanctions to Target, and Ms. Saccio's deposition for December 1, 2011 at 10:00 a.m. in the Mission Viejo office of Trachtman & Trachtman. (Wydeven Decl. ¶ 9 & Exh. B.) Mr. Ryan's office informed Target's counsel that they had been unable to communicate with Ms. Saccio. (*Id.* ¶¶ 11–12) Ms. Saccio failed to appear at the deposition, and to date, Ms. Saccio has not complied with the November 16, 2011 Order. (*Id.* ¶¶ 8, 13–14 & Exh. D [Certificate of Non-Appearance].)

On November 7, 2011, Ms. Saccio's counsel, Timothy J. Ryan, filed a motion to withdraw on the ground that Ms. Saccio had failed to respond to all of his attempts to communicate with her from September to October 2011 regarding appearances in this case. (Dkt. No. 12.) The Court denied the motion to withdraw without prejudice because Mr. Ryan failed to comply with Local Rule 83-2.9.2.1, as there was no indication that he gave Ms. Saccio written notice of his withdrawal and the consequences of such withdrawal. (Ct. Order, Dkt. No. 18, Nov. 28, 2011.) Mr. Ryan resubmitted a motion to withdraw, which is currently set to be heard on January 23, 2012. (Dkt. Nos. 21, 23.) The discovery cut-off date has been set for May 25, 2012 and trial is set for September 11, 2012. (Ct. Order, Dkt. No. 17, Nov. 14, 2011.)

## II. DISCUSSION

### A. Dismissal under Rule 37(b)(2) and Rule 41(b)

Under Federal Rule of Civil Procedure 37(b)(2), if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)," the district court in which the action is pending may order sanctions, including an order

"dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2). Here, dismissal of the action is warranted because Ms. Saccio has failed to comply with Judge Goldman's November 16, 2011 Order and was on notice that failure to comply with the Order may result in dismissal of the action.

Dismissal of the action with prejudice is also warranted under Federal Rule of Civil Procedure 41(b), which permits a court, upon the defendant's motion or *sua sponte*, to involuntarily dismiss an action when the plaintiff fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Courts considering dismissal on this basis must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the availability of less drastic alternatives, and (5) the public policy favoring disposition of cases on the merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Dismissal under Rule 41(b) is appropriate here. First, dismissal furthers the public's interest in expeditious resolution of this action. *See id.* Second, the court's need to manage its docket favors dismissal. *See id.* ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ."). Ms. Saccio's failures to appear in the action, attend noticed depositions, and comply with Judge Goldman's Order are inexcusable and have wasted this Court's time. Ms. Saccio's failure to appear has also prejudiced Target by depriving it of the opportunity to defend against the action, especially in light of the discovery cut-off date of May 25, 2012 and other related motion and trial dates in this case. Although less drastic alternatives to dismissal may be available and this factor may weigh against dismissal, the Court notes that Ms. Saccio has already disregarded Judge Goldman's Order and there is no indication that Ms. Saccio will appear in this action, as her counsel has been unable to communicate with her for several months. The public policy favoring disposition of

cases on their merits weighs against dismissal. On balance, however, the factors under *Pagtalunan* favor dismissal of this action.

### B. Monetary Sanctions under Rule 37(b)(2)(C)

The Court also finds that monetary sanctions in the amount of $992.50 is warranted under Federal Rule of Civil Procedure 37(b)(2)(C), which mandates the district court to order the disobedient party to pay reasonable expenses, including attorney's fees, caused by his or her failure to comply with a discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Target requests the amount of $748 in attorney's fees incurred in bringing the instant motion, which the Court finds reasonable under the lodestar method. *See Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009) (stating that in determining whether an award of attorneys' fees is reasonable, the lodestar method is the fundamental starting point); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (stating that "the 'lodestar' figure has . . . become the guiding light of [the court's] fee-shifting jurisprudence"). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.' " *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation and quotes omitted); *accord Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Target's counsel, Matthew J. Vande Wydeven of Trachtman & Trachtman, submitted a sworn declaration stating that his hourly rate is $170 and that he spent a total of 4.4 hours in performing tasks related to this motion, for a total lodestar figure of $748. The Court finds Mr. Wydeven's hourly rate reasonable in the Orange County legal market. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be guided by the rate

1  prevailing in the community for similar work performed by attorneys of comparable skill,
2  experience, and reputation.' " (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205,
3  1210–11 (9th Cir. 1986))).  The tasks Mr. Wydeven performed in connection with the
4  instant motion consisted of obtaining the Certificate of Non-Appearance for the
5  December 1, 2011 deposition of Ms. Saccio, making calls to Ms. Saccio's counsel,
6  drafting meet and confer letters, and preparing the motion to dismiss and accompanying
7  declaration.  The Court finds the number of hours spent on these tasks necessary,
8  nonduplicative, and reasonable.  *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th
9  Cir. 2009) (stating that reasonable hours expended on a case are hours that are not "
10 'excessive, redundant, or otherwise unnecessary.' " (quoting *Hensley v. Eckerhart*, 461
11 U.S. 424, 434 (1983))).  Target also requests reimbursement of costs in the amount of
12 $243 incurred from Esquire Court Reports to take the Certificate of Non-Appearance on
13 December 1, 2011, which the Court grants.  Thus, as the amount requested is reasonable
14 and Ms. Saccio has not proffered any reasons justifying her nonappearance or why an
15 award of sanctions would be unjust, the Court awards a total of $991.50 in reasonable
16 attorney's fees and costs to Target to be paid by Ms. Saccio.

18 ///
19 ///

## IV. CONCLUSION

For the foregoing reasons, Ms. Saccio's action is hereby DISMISSED WITH PREJUDICE. Ms. Saccio is also ordered to pay Target the amount of $992.50 in reasonable attorney's fees and costs incurred in bringing the instant motion, in addition to the previously ordered monetary sanctions of $838.50, for a total amount of $1831. In light of the dismissal of this action, the Court further DISMISSES as moot the motion by Timothy J. Ryan of Timothy J. Ryan & Associates, filed on December 9, 2011, to withdraw as Ms. Saccio's counsel and VACATES the attendant January 23, 2012 hearing date.

DATED: December 22, 2011

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE